PRESTON EASLEY, ESQ./ CSB No. 108347
KEVIN CONLOGUE, ESQ./ HSB No.: 10062
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite l06
San Pedro, California  90731-7724
Telephone:  (310) 832-5315
Facsimile:   (310) 832-7730

ATTORNEYS FOR:  Plaintiff
                JONAH MALLOE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONAH MALLOE, | ) CIVIL NO.: |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES; |
| v. | ) SUMMONS |
| | ) |
| HANSA HEAVY LIFT | ) IN ADMIRALTY |
| AMERICAS, INC.; and HANSA | ) |
| HEAVY LIFT GMBH, | ) |
| | ) |
| Defendants. | ) |

COMES NOW PLAINTIFF JONAH MALLOE and complains of defendants, and each of them, and alleges:

1. At all times mentioned herein plaintiff JONAH MALLOE was employed by McCabe, Hamilton & Renny Co., Ltd. as a longshoreman aboard

1

the vessel M/V HHL BILBAO at Barbers Point, Hawaii.

2.  At all times mentioned herein plaintiff JONAH MALLOE was a resident of Mililani, Hawaii and is a citizen of the State of Hawaii.

3.  At all times mentioned herein defendant HANSA HEAVY LIFT AMERICAS, INC. maintained its principal place of business in Houston, Texas and is a citizen of the State of Texas.

4.  At all times mentioned herein defendant HANSA HEAVY LIFT GMBH maintained its principal place of business in Hamburg, Germany and is a citizen of Germany.

5.  Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendants, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or joint venture.

6.  Federal jurisdiction is based on admiralty, 28 U.S.C. Sec. 1333.  This is an action in admiralty pursuant to Federal Rule of Civil Procedure 9 (h).

7.  At all times material hereto defendants owned, operated, chartered, modified, managed, controlled, maintained, supervised, inspected and outfitted the vessel M/V HHL BILBAO which they managed, operated, supervised and controlled in coastwise, intercoastal and foreign navigation. Said defendants employed the crew of the M/V HHL BILBAO.

8. On or about July 7, 2012, plaintiff's employer was rendering stevedoring services on or about the M/V HHL BILBAO which was docked pierside in navigable waters at Barbers Point, Honolulu, Hawaii and plaintiff was employed as a longshoreman on the M/V HHL BILBAO at that time and was performing stevedoring services on behalf of his employer.

9. On or about July 7, 2012, while the M/V HHL BILBAO was pierside in navigable waters at Barbers Point, Hawaii, plaintiff JONAH MALLOE suffered severe and disabling injuries when he fell from an unguarded elevated platform. The defendants negligently failed to ensure that there were guardrails on said platform, negligently failed to barricade said platform, negligently failed to remove said platform from use and negligently failed to post signage on said platform warning plaintiff and his fellow longshoremen not to use subject platform.  Defendants negligently failed to make said platform off limits to the longshoremen and negligently failed to direct the longshoremen away from said platform.  Defendants negligently supervised the offload of cargo at Barbers Point, Hawaii on July 7, 2012.  Defendants negligently failed to turn over the vessel to the longshoremen in a reasonably safe condition for doing their work and negligently failed to maintain areas and equipment under their control.  The defendants failed to establish and implement safeguards against the risk of falling from said platform in violation of 33 U.S.C. Sec. 96.230, therefore they are negligent per se.

10. As a result of defendants' negligence, and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent disability to him.

11. As a further result of defendants' negligence, and each of them, plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof. The amount of plaintiff's past and future medical expenses will be proven at trial.

12. As a further result of defendants' negligence, and each of them, plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits, wage earning capacity and ability to perform household services. The exact amount is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof, and such amount will be proven at trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages, according to proof;

2. For damages for medical and related expenses, according to proof;

3. For damages for lost earnings and ability to perform household services, both past and future, and loss of earning capacity and fringe benefits, according to proof;

4. For prejudgment interest, according to proof;

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.


DATED: April 17, 2014                    /s/Preston Easley
                                         PRESTON EASLEY
                                         KEVIN CONLOGUE
                                         Attorneys for Plaintiff
                                         JONAH MALLOE